UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

MICROMUSE, INC.,

                Plaintiff,

- against -

APRISMA MANAGEMENT
TECHNOLOGIES, INC.,

                Defendant.
------------------------------------x

**OPINION AND ORDER**

05 Civ. 0894 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

This case arises from a patent dispute. Defendant Aprisma Management Technologies, Inc. ("Aprisma") has moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) or to transfer the action to the District of New Hampshire pursuant to section 1404(a) of Title 28 of the United States Code. For the following reasons, defendant's motions are denied.

**I. FACTS**

Micromuse, Inc. ("Micromuse") and Aprisma are both Delaware

1

corporations.[1] Both companies have offices in New York City.[2] Aprisma's principal place of business is in Portsmouth, New Hampshire.[3] Both parties are engaged in the development and sale of computer software.[4]

Micromuse alleges that Aprisma infringed seven of Micromuse's patents: United States Patent No. 6,192,034 (the "034 Patent"), entitled "System and Method for Network Integrity Management;" United States Patent No. 6,219,648 (the "648 Patent"), entitled "Apparatus and Method for Monitoring Progress of Customer Generated Trouble Tickets;" United States Patent No. 6,330,598 (the "598 Patent"), entitled "Global Service Management System for an Advanced Intelligent Network;" United States Patent No. 6,687,335 (the "335 Patent"), entitled "User Interface and System to Facilitate Telephone Circuit Maintenance and Testing;" United States Patent No. 6,763,333 (the "333 Patent"),

---

[1]  See 1/26/05 Complaint for Patent Infringement ("New York Complaint") ¶¶ 1-2.

[2]  See id.; see also http://www.aprisma.com/company/officelisting.shtml (May 17, 2005) (listing Aprisma offices in Portsmouth, NH and New York, NY); http://www.micromuse.com/company/locations (May 17, 2005) (listing Micromuse offices in seven U.S. cities, including New York, NY).

[3]  See New York Complaint ¶ 2.

[4]  See Micromuse's Memorandum of Law in Opposition to Defendant Aprisma's Motion to Dismiss or Transfer ("Pl. Opp.") at 1.

entitled "Apparatus and Method for Monitoring Progress of Customer Generated Trouble Tickets;" United States Patent No. 5,936,547 (the "547 Patent"), entitled "System and Method for Providing User-Selected Information to a Paging-Capable Device;" and United States Patent No. 6,766,375 (the "375 Patent"), entitled "System and Method for Protocol Conversion Using Facilities and Utilities."[5] Micromuse filed the New York Complaint on January 26, 2005.

On December 6, 2002, more than two years before the New York Complaint was filed, Aprisma — the defendant in the instant action — filed a complaint for patent infringement against Micromuse in the District of New Hampshire (the "New Hampshire Complaint").[6] The New Hampshire Complaint alleged that Micromuse had infringed six of Aprisma's patents, including: United States Patent No. 5,436,909 (the "909 Patent"), entitled "Network Management System Using Status Suppression to Isolate Network Faults; United States Patent No. 5,504,921 (the "921 Patent"), entitled "Network Management System Using Model-Based Intelligence;" United States Patent No. 5,696,486 (the "486 Patent"), entitled "Method and Apparatus for Policy-Based Alarm Notification in a

---

[5] New York Complaint ¶¶ 7, 13, 19, 25, 31, 37, 44.

[6] Ex. 1 to 3/8/05 Declaration of Kevin A. Ainsworth, counsel for Aprisma ("Ainsworth Decl.").

3

Distributed Network Management Environment;" United States Patent No. 5,768,501 (the "501 Patent"), entitled "Method and Apparatus for Inter-Domain Alarm Correlation;" United States Patent No. 6,064,304 (the "304 Patent"), entitled "Method and Apparatus for Policy-Based Alarm Notification in a Distributed Network Management Environment;" and United States Patent No. 5,777,549 (the "549 Patent"), entitled "Method and Apparatus for Policy-Based Alarm Notification in a Distributed Network Management Environment."[7] On January 11, 2005, the New Hampshire Court, Barbadoro, J., issued an Opinion "tentatively adopt[ing] Aprisma's interpretation of [] seven terms [contained in the patents in the New Hampshire action] with only minor modification."[8]

On the same day that the instant action was filed, Micromuse filed another suit in this District, No. 05 Civ. 853 (RWS), against Agilent Technologies, Inc. (the "Agilent Complaint"). The Agilent Complaint involves six of the same patents included in the New York Complaint.

## II. LEGAL STANDARD

---

[7] New Hampshire Complaint ¶¶ 6, 10, 18, 22, 26 (summarizing claims I, II, IV, V and VI but missing page 3, which presumably summarizes Count III). *See also* Ex. 6 to Ainsworth Decl. (indicating that the 549 Patent was also allegedly infringed).

[8] Ex. 3 to Ainsworth Decl. at 2.

A. Rule 12(b)(3)

Under Rule 12(b)(3), a district court may dismiss a complaint for improper venue. "Upon such a motion, a court has the authority to dismiss an action pursuant to 28 U.S.C. § 1406(a), which provides in pertinent part that '[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'"[9] When considering a motion to dismiss for improper venue pursuant to Rule 12(b)(3), the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor.[10]

B. Section 1404

Section 1404 provides: "For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[11] The defendant

---

[9] *Matera v. Native Eyewear, Inc.*, 355 F. Supp. 2d 680, 683 (E.D.N.Y. 2005) (quoting 28 U.S.C. § 1406(a)).

[10] See *Central National-Gottesman, Inc. v. M.V. "GERTRUDE OLDENDORF"*, 204 F. Supp. 2d 675, 677 (S.D.N.Y. 2002); *Rey-Willis v. Citibank, N.A.*, No. 23 Civ. 2006, 2003 WL 21714947, at *3 (S.D.N.Y. July 23, 2003). See also Fed. R. Civ. P. 12(b)(3).

[11] 28 U.S.C. § 1404.

must make a "convincing showing" that the action would be better litigated elsewhere.[12] "Relevant factors include the: (1) deference accorded to plaintiff's choice of forum; (2) convenience to witnesses and parties; (3) situs of operative facts; (4) interests of justice and judicial economy; (5) relative ease of access to sources of proof; (6) availability of process to compel unwilling witnesses; (7) relative means of the parties; and (8) forum's familiarity with the governing law."[13] Of these factors, plaintiff's choice of forum is usually given the greatest weight, but when the plaintiff is a nonresident and the operative facts bear little connection to the chosen forum, plaintiff's choice is shown less deference.[14]

## III. DISCUSSION

### A. Rule 12(b)(3)

Although Aprisma requests relief pursuant to Rule 12(b)(3), which empowers the Court to dismiss a claim because of improper venue, Aprisma never

---

[12] *Alonso v. Saudi Arabian Airlines Corp.*, No. 98 Civ. 7781, 1999 WL 244102, at *6 (S.D.N.Y. Apr. 23, 1999). *See also Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1947) ("Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.").

[13] *In re GeoPharma, Inc. Sec. Litig.*, No. 04 Civ. 9463, 2005 WL 1123883, at *1 (S.D.N.Y. May 11, 2005). *See also Gulf Oil*, 330 U.S. at 508.

[14] *See Invivo Research Inc. v. Magnetic Resonance Equip. Corp.*, 119 F. Supp. 2d 433, 438 (S.D.N.Y. 2001); *see also Berman v. Informix Corp.*, 30 F. Supp. 2d 653, 657-59 (S.D.N.Y. 1998).

elaborates on its motion to dismiss, instead devoting its entire memorandum to its motion to transfer the action. The 12(b)(3) motion is easily rejected. "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."[15] Micromuse alleges that Aprisma is currently doing business in New York (an allegation supported by the fact that Aprisma maintains one of its two United States offices in New York) and infringing its patents here.[16] Accordingly, Aprisma's 12(b)(3) motion is without merit.

### B. Section 1404

Because Aprisma maintains offices in New York and its principal place of business in New Hampshire, and because Micromuse alleges that Aprisma infringed Micromuse's patents in New York, this case "might have been brought" in either district.[17] The question thus is whether Aprisma has made a "convincing showing" that the action ought to be transferred to New Hampshire.[18]

---

[15] 28 U.S.C. § 1400(b).

[16] New York Complaint ¶ 3.

[17] 28 U.S.C. § 1404. *See also* 28 U.S.C. § 1400(b).

[18] *Alonso*, 1999 WL 244102, at *6.

1. **Plaintiff's Choice of Forum**

"The plaintiff's choice of forum is to be given substantial weight and should not be disturbed unless the balance of convenience and justice weigh heavily in favor of defendant's proposed forum, especially where [] plaintiff's chosen forum is its principal place of business."[19] Micromuse asserts that it "has made New York its home since at least 1999, and now the New York office is one of Micromuse's two largest U.S. offices and the center of Micromuse's U.S. software development operations."[20] Micromuse's largest office is in London, England.[21] Micromuse's New York office employs 52 people; the only larger domestic branch of Micromuse is its U.S. headquarters in San Francisco, California, with 56 employees.[22] Micromuse asserts that "[w]ith two exceptions resulting from recent acquisitions, all of Micromuse's products were and are developed in Micromuse's London office, its New York City office, and/or its recently closed office in Pleasantville, New York. The remaining software

---

[19] *Toy Biz, Inc. v. Centuri Corp*, 990 F. Supp. 328, 330 (S.D.N.Y. 1998) (citing *Golconda Mining Corp. v. Herlands*, 365 F.2d 856, 857 (2d Cir. 1966)).

[20] Pl. Opp. at 11. *See also* 3/22/05 Declaration of Frank Sole, Vice President of Micromuse ("Sole Decl.") ¶¶ 6, 10-15.

[21] Sole Decl. ¶ 6.

[22] *See id.* ¶ 19.

products were and are developed in Perth, Australia and in Santa Monica, California."[23]

Aprisma contends that "Micromuse's choice of forum is entitled to little deference" because Micromuse is forum-shopping.[24] Aprisma bases its accusation of forum shopping on its observation that "Micromuse instituted this action *only fifteen days after* it received [a] ruling from the New Hampshire Court that rejected all of Micromuse's claim construction arguments."[25] Aprisma cites no authority for its position that a party defendant to a patent litigation in one District may not sue for infringement of *different patents* in another District.[26]

---

[23] *Id.* ¶ 15.

[24] 3/8/05 Memorandum of Law in Support of Defendant's Motion to Dismiss or Transfer ("Def. Mem.") at 9.

[25] *Id.*

[26] The only case cited by Aprisma for this proposition, *International Union et al. v. Scofield*, 382 U.S. 205, 212-13 (1965), resolved the right of successful parties to intervene in appellate proceedings reviewing decisions of the National Labor Relations Board. In *Scofield*, the Court discussed the fact that, under the labor laws, a party could appeal a decision of the NLRB either to the D.C. Circuit or to the Circuit of her residence. The Court held that "permitting intervention in the first review [] centralizes the controversy," allowing the appeals process to be completed in a single Circuit, rather than splitting the initial review and any review sought by a would-be intervenor between Circuits. This decision is inapposite; in any case, it certainly does not stand for the proposition that once two parties litigate a patent infringement claim, they are required to litigate all further such disputes — even those based on different patents — before that same judge.

9

Accordingly, Micromuse's decision to assert its claims in the home District of its software development operations is entitled to significant deference.

### 2. Convenience of the Witnesses

Aprisma asserts that "[m]ost of the inventors of Aprisma's patents, as well as the developers of the accused products described in the Micromuse Complaint, [] reside in New Hampshire."[27] Aprisma also notes that none of the inventors of Micromuse's patents reside in either New Hampshire or New York.[28] Micromuse counters that several groups of key potential witnesses reside in New York, including "(a) Micromuse employees who would testify to the operation and functionality of Micromuse products which Aprisma contends compete with Aprisma's products . . .; (b) individuals who have participated in Aprisma's training courses regarding the accused products . . .[;] and (c) third-party customers of Aprisma."[29] Moreover, Micromuse notes that, in the New Hampshire action, only five of the ten inventors of Aprisma's products were actually located in New Hampshire, not "most" of them, as Aprisma asserts.[30] Finally, Micromuse

---

[27] Def. Mem. at 5-6.

[28] *See id.* at 6 (inventors reside in Ohio, Texas, Nebraska, Missouri, Wisconsin, Florida and Colorado).

[29] Pl. Opp. at 12.

[30] *Id.* at 4 n.6.

observes that, of the eight Aprisma employees deposed in the New Hampshire action, only four were deposed in New Hampshire; the remainder were deposed in Boston, Massachusetts.[31] Seven of ten depositions of Micromuse employees in the New Hampshire action took place in New York.[32]

On balance, it appears that witnesses will likely be drawn from both New Hampshire and New York, as well as from other states. Because of New York City's position as a transportation hub, it is marginally more convenient for witnesses who will travel from Ohio, Texas, Nebraska, Missouri, Wisconsin, Florida and Colorado. This factor slightly favors this District.

### 3. Convenience of the Parties

As I have noted, previous litigation between these parties suggests that party witnesses will be split between New York and New Hampshire. However, because both Micromuse and Aprisma have New York offices, while only Aprisma maintains an office in New Hampshire, this factor favors this District.

### 4. Situs of Operative Facts

Although the New York Complaint alleges that infringement of its

---

[31] See id. at 4-5.

[32] See id.

patents occurred in this district, roughly half of Aprisma's inventors reside in New Hampshire, and none of the inventors of Micromuse's patents reside in New York. However, Micromuse asserts that significant marketing, training and distribution relating to the allegedly infringing software occurred in New York.[33] This factor is neutral.

### 5. Judicial Economy

The central theme of Aprisma's motion is that, because a patent infringement action is already pending between these parties in New Hampshire, all further patent disputes between the parties belong in that Court. Indeed, the New Hampshire Court has now had more than two years to familiarize itself with the parties and patents that appear — if only through a brief perusal of their titles — to be similar to the patents at issue in this action.[34] Undoubtedly, some judicial economy could be realized by transferring this action to a Court already somewhat familiar with the parties and patents involved.

However, Micromuse notes that transferring the action could also prove inefficient. The Agilent Complaint, which Micromuse filed in this District

---

[33] *See id.* at 17-18 (noting that substantial marketing and distribution of Aprisma's products takes place in New York City).

[34] *See* Exs. 2-3 to Ainsworth Decl. (comprising a lengthy docket sheet and claim construction ruling from the New Hampshire Court).

simultaneously with its filing of the New York Complaint, alleges violations of six of the seven patents allegedly infringed by Aprisma.[35] Moreover, Micromuse notes that fact discovery is now closed in the New Hampshire action, and that the parties have already submitted summary judgment motions.[36] Transferring this case to New Hampshire would risk disrupting the significant progress in the New Hampshire action and would still result in duplication in New York and New Hampshire because the Agilent action remains pending in New York.[37] Nonetheless, the expertise of the New Hampshire Court slightly favors transfer to New Hampshire.

### 6. Access to Sources of Proof

Documents maintained at the Aprisma corporate headquarters are located in New Hampshire, and documents maintained in the software development division of Micromuse are likely located in New York. Additionally,

---

[35] *See* Complaint in *Micromuse v. Agilent Techs., Inc.*, No. 05 Civ. 853 (RWS).

[36] *See* Pl. Opp. at 22.

[37] I note, however, that a motion to transfer the Agilent action to the Northern District of California is currently pending before Judge Robert W. Sweet. Transfer to either California or New Hampshire would again result in duplicative efforts because the Agilent action is itself related to an earlier case assigned to Judge Sweet. *See* Docket Entry #5 for *Agilent*, No. 05 Civ. 853 (RWS).

documents belonging to the numerous third-party inventors are scattered across many states. In any event, both parties are well-situated to duplicate and transport necessary documents to either venue at reasonable cost.[38] This factor is neutral.

### 7. Availability of Process to Compel Unwilling Witnesses

Because the parties can compel their own employees to testify without the need for a subpoena, the location of party witnesses is irrelevant to consideration of this factor.[39] The only third-party witnesses named by either party reside outside the subpoena power of either this Court or the New Hampshire Court. This factor is neutral.

### 8. Relative Means and Familiarity with Governing Law

Both parties are financially capable of litigating in either New York or New Hampshire, as evidenced by the fact that, in the New Hampshire action, several depositions occurred in both New York and New Hampshire.[40] Although

---

[38] *See, e.g., Marshall Gobuty Intern. USA, Inc. v. Nike, Inc.*, No. 04 Civ. 6975, 2004 WL 2578912, at *3 (S.D.N.Y. Nov. 10, 2004) ("in this day and age," the fact of widely dispersed documents has little impact on the convenience of the parties or the choice of venue).

[39] *See Aerotel, Ltd. v. Sprint Corp*, 100 F. Supp. 2d 189, 197 (S.D.N.Y. 2000) (finding, in a patent case, that "[b]ecause [defendant] can compel the testimony of its own employees without the need for subpoena, this factor is also neutral").

[40] *See* Pl. Opp. at 4-5.

14

the New Hampshire Court is likely more familiar with the claims asserted, all federal district courts are familiar with federal patent law. These factors are neutral.

### 9. Summary of Factors

Defendant has not made a convincing showing that this action should be transferred to New Hampshire. Indeed, the only factor that favors defendant — judicial efficiency — is subject to some ambiguity as not all actions regarding these patents are venued in New Hampshire. The relative convenience of New York for both parties, as well as for third-party witnesses, supports Micromuse's choice of forum. Defendant has not made a convincing showing that this Court should override plaintiff's choice of forum.

## IV. CONCLUSION

For the foregoing reasons, Aprisma's motions to dismiss and transfer are denied. The Clerk is directed to close these motions [#4 on the docket sheet].

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:  New York, New York
        May 24, 2005

## - Appearances -

*For Plaintiff:*

Seth H. Ostrow, Esq.
Jeffrey P. Weingart, Esq.
Frederick L. Whitmer, Esq.
Arianna Frankl, Esq.
Steven S. Rubin, Esq.
BROWN RAYSMAN MILLSTEIN FELDER & STEINER, LLP
900 Third Avenue
New York, NY 10022
(212) 895-2000

*For Defendant:*

Kevin N. Ainsworth, Esq.
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
666 Third Avenue
New York, NY 10017
(212) 935-3000